UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

          -against-                                             S3 10 Crim. 0336 (LAK)

CHAD ELIE and JOHN CAMPOS, et al.,

          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OPINION

Appearances:

| | |
|---|---|
| Arlo Devlin-Brown | Barry H. Berke |
| Niketh Velamoor | Dani R. James |
| Assistant United States Attorneys | KRAMER LEVIN NAFTALIS & FRANKEL LLP |
| PREET BHARARA | |
| UNITED STATES ATTORNEY | Paul D. Clement |
| | BANCROFT PLLC |
| | |
| | *Attorneys for Defendant Chad Elie* |
| | |
| | Frederick P. Hafetz |
| | Kathleen E. Cassidy |
| | HAFETZ NECHELES & ROCCO |
| | |
| | Neil A. Kaplan |
| | Anneli R. Smith |
| | CLYDE SNOW & SESSIONS |
| | |
| | *Attorneys for Defendant John Campos* |

LEWIS A. KAPLAN, *District Judge.*

        Defendants Elie and Campos both are charged with three counts of violation of the

Unlawful Internet Gambling Enforcement Act of 2006 ("UIGEA"),[1] one count of conspiracy to violate UIGEA, two counts of operating of illegal gambling businesses in violation of the Internet Gambling Business Act of 1970 ("IGBA"),[2] and conspiracy to engage in money laundering – all in connection with Internet poker operations. Elie is charged also with one additional count of operation of an illegal gambling business in violation of IGBA and with one count of conspiracy to commit bank fraud and wire fraud. They both move to dismiss the indictment, raising a number of issues. Paramount in evaluating these motions, however, is a far older and very well established principle: there is no summary judgment in criminal cases. As the Third Circuit put it:

> "Unless there is a stipulated record, or unless immunity issues are implicated, a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence. [Citations omitted] Federal Rule of Criminal Procedure 12(b)(2) authorizes dismissal of an indictment if its allegations do not suffice to charge an offense, but such dismissals may not be predicated upon the insufficiency of the evidence to prove the indictment's charges."[3]

*The UIGEA Counts*

These defendants are charged, as principals and as aiders and abettors, with violating or conspiring to violate 31 U.S.C. § 5363, which provides in relevant part that "[n]o person engaged in the business of betting or wagering may knowingly accept, in connection with the participation of

---

[1] 31 U.S.C. § 5353.

[2] 18 U.S.C. § 1955.

[3] *United States v. DeLaurentis,* 230 F.3d 659, 660-61 (3d Cir. 2000). *See also United States v. Alfonso,* 143 F.3d 772, 776-77 (2d Cir. 1998) ("Unless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial to satisfy the jurisdictional element of the offense, the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment.")

another person in unlawful Internet gambling" various sorts of financial instruments. The theory of the indictment is that defendants were, or were employed by, payment processors. In the case of Elie, the allegation is that he opened bank accounts through which Internet poker companies "received payments from United States-based gamblers."[4] In the case of Campos, it is that he was an officer, director and part owner of a bank that "processed payments for" two such companies.[5]

Defendants' principal argument with respect to the UIGEA counts is that the statute "exempts" persons like them from criminal liability either as principals or as aiders and abettors or co-conspirators. The argument commences with the fact that Section 5363 applies only to persons "engaged in the business of betting or wagering," but that Section 5362(2) provides that the "business of betting or wagering" "does not include the activities of a financial transaction provider . . ."[6] The defendants proceed to argue that one who "received payments from United States-based gamblers," or a bank that "processed payments," in each case for supposedly offshore poker companies, necessarily was a "financial transaction provider" within the meaning of the statute and nothing more. But the accuracy of that premise, even assuming *arguendo* the validity of other aspects of the defendants' argument, remains to be seen.

The indictment charges that both of these defendants were "persons engaged in the business of betting and wagering."[7] The evidence at trial perhaps will not permit a conclusion that

---

[4] Ind. ¶ 12.

[5] *Id.* ¶ 13.

[6] 31 U.S.C. § 5362(2).

[7] Ind. ¶¶ 36, 38, 40.

these defendants did anything more than provide financial transactions. Even if the evidence permits a conclusion that their activities were broader, it may not warrant a finding that they were anything other than financial transaction providers within the meaning of the statute. But such a determination would be inappropriate at this stage because the government has yet to present all of its evidence.

Even if it could be said with assurance that these defendants were nothing more than financial transaction providers, the motion still would lack merit. Section 5367 of the statute provides that, "[n]otwithstanding section 5362(2), a financial transaction provider . . . may be liable under this subchapter if such person has actual knowledge and control of bets and wagers, and" among other things, "owns or controls, or is owned or controlled by, any person who operates, manages, supervises, or directs an Internet website and which unlawful bets or wagers may be placed, received, or otherwise made."[8] There is nothing in the indictment that would foreclose the government from establishing that these defendants are criminally liable in light of Section 5367 even if they were financial transaction providers within the meaning of Section 5363 and even if such a conclusion otherwise would require the result they advocate.

*The IGBA Counts*

These defendants are charged, both as principals and aiders and abettors, under Section 1955 of the Criminal Code, which provides that "[w]hoever conducts, finances, supervises, directs, or owns all or part of an illegal gambling business: is subject to criminal penalties."[9] The key phrase

---

[8] 31 U.S.C. § 5367.

[9] 18 U.S.C. § 1955(a).

is "illegal gambling business," which in turn is defined in relevant part as "a gambling business which (i) is a violation of the law of a State . . . in which it is conducted."[10]

Putting aside for the moment the surprising argument that poker is not gambling, the principal arguments advanced for dismissal of the IGBA counts relate to the fact that the poker companies are said to be "offshore" in nature. The arguments are two. First, defendants contend that the activities of the poker companies took place outside of the United States and therefore were not conducted in, and did not violate, the law of any state. Second, they maintain that IGBA has no extraterritorial application in light of *Morrison v. National Australia Bank, Ltd.*[11] These arguments both fail.

We begin with the defendants' premise that the poker companies were "located" overseas at all relevant times. The difficulty is that the indictment alleges that the defendants "did conduct, finance, manage, supervise, direct, and own all and part of . . . illegal gambling business[es] . . . in violation of New York State Penal Law Sections 225.00 and 225.05 and the law of other states in which the business[es] operated."[12] The fact that the indictment alleges also that the three poker companies named in the indictment were "headquartered" in other countries,[13] which could be consistent with their conducting business in New York and elsewhere in this country, and that unidentified "leading internet gambling businesses – including the leading internet poker company

---

[10] *Id.* § 1955(b).

[11] 561 U.S. __, 130 S. Ct. 2869 (2010).

[12] Ind. ¶¶ 42, 44, 46.

[13] Ind. ¶¶ 4-6.

doing business in the United States [in October 2006] – terminated their United States operations" following the enactment of UIGEA,[14] is insufficient to overcome this allegation.[15] Indeed, one New York decision has held that "if the person engaged in gambling is located in New York, then New York is the location where the gambling occurred."[16] Moreover, the proof upon which the government will rely to establish the conduct of illegal gambling in New York remains to be seen.

Against this background, the *Morrison* argument is premature. *Morrison* reiterated the "longstanding principle that legislation of Congress, unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States."[17] It went on to hold that Rule 10b-5 under the Securities Exchange Act of 1934[18] did not apply to a claim of fraud by Australians in connection with their purchase of securities in an Australian company – despite the alleged involvement of some American companies in and some alleged conduct here in furtherance of the fraud – because "the focus of the Exchange Act is not upon the place where the deception originated, but upon the purchase and

---

[14] *Id.* ¶ 14.

[15] The declaration of an FBI agent in a related civil forfeiture case, which was not made on personal knowledge, to the effect that the poker companies named in this indictment "keep their computer servers, management and support staff offshore" does not alter this conclusion. As defendants doubtless would agree, criminal cases are not decided in advance of trial on the basis of hearsay statements of FBI agents.

[16] *People ex rel. Vacco v. World Interactive Gaming Corp.,* 185 M.2d 852, 859, 714 N.Y.S.2d 844, 851 (Sup. Ct. N.Y. Co. 1999).

[17] 130 S. Ct. at 2877 (quoting *EEOC v. Arabian Am. Oil Co.,* 499 U.S. 244, 248 (1991), in turn quoting *Foley Bros.., Inc. v. Filardo,* 336 U.S. 281, 285 (1949)) (internal quotation marks omitted).

[18] 17 C.F.R. § 240.10b-5.


sales of securities in the United States."[19]

The focus of IGBA is upon the conduct of gambling businesses in the United States in violation of the laws of the states and political subdivisions in which they are conducted. The appropriate time at which to evaluate whether any activities of these defendants that may have violated, or aided and abetted violations of, New York or other state law came within the focus of IGBA is not sooner than the close of all the proof at trial.

Finally, defendants' argument that poker is not gambling fails, at least at this stage. The indictment alleges that the poker companies there mentioned offered Internet poker games and that their activities included the conduct of gambling business in violation of New York and other state laws. If poker constitutes gambling as a matter of law, defendants are not entitled to dismissal of the IGBA counts. If it instead raises an issue of fact, it is a matter for trial, not disposition on a motion addressed to the indictment.

*Remaining Arguments*

The Court has considered defendants' remaining arguments and concluded that they are without merit, at least at this stage of the proceedings. Both defendants argue that the money laundering charge against them should be dismissed insofar as it relies on the three IGBA counts of the indictment. As those counts have been sufficiently alleged, the money laundering count also is sufficiently alleged.

Elie's arguments for dismissal of the charge that he conspired to commit bank fraud and wire fraud also lack merit. As with the other counts, the indictment adequately alleges that Elie

---

[19] 130 S. Ct. at 2884.

conspired to commit such fraud. Whether the government can prove this is a matter that must be reserved for trial. It would be inappropriate to dismiss this count – or any other – for lack of proof at this point in time.

*Conclusion*

For the foregoing reasons, the motions of defendants Elie and Campos [DI 72; DI 80; DI 82; DI 84] to dismiss the indictment are denied.

SO ORDERED.

Dated: February 7, 2012

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)